CHARLES COLLINS, PLAINTIFF, v. THE PHŒNIX IN- SURANCE COMPANY OF HARTFORD, DEFENDANT.

*Insurance broker — acceptance of risk by — when binding on company.*

One White, an insurance broker at Flushing, was in the habit of insuring appli- cants in defendant's company; he accepting the risk, and, taking the premium which he forwarded to one of defendant's agents at Brooklyn, who obtained a policy of the date of the acceptance of the risk by White, and sent it to him. November 3d, 1876, plaintiff obtained insurance from White on a barn, and paid the premium; on the same day White sent the risk to defendant's agent, and on the 6th the latter sent the policy to White, who delivered it to plaintiff. On the 4th the barn was burned.

*Held,* that the plaintiff was entitled to recover the loss on the policy.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a judgment in favor of the defendant, entered upon a verdict directed by the court.

*Downing & Stanbrough*, for the plaintiff.

*John J. Armstrong*, for the defendant.

BARNARD, P. J.:

I think the case should have gone to the jury, under proper instructions from the court. Applying the rule that all questions of fact are to be deemed as found in favor of plaintiff, the facts

are as follows: A Mr Coles White was an insurance broker, with an office at Flushing, Queens county. The defendant had an agent, Mr. Swinson, at Brooklyn. White had been in the habit of obtaining insurance in defendant's company and other companies, for which Swinson was agent. The course of business was for White to accept the risk, take the premiums, and subsequently obtain the policy from Swinson, as of the date when the risk was accepted. On the 3d of November, 1876, plaintiff obtained insurance for one year on his barn and contents from Mr. White, and paid him the premiums.

On the same day White sent the risk to Swinson. On the 6th of November, 1876, the defendant's company, through Swinson, sent the policy, on which this action is brought, to White and he delivered it to plaintiff. On the 4th of November, 1876, the property was entirely consumed by fire. All parties were ignorant of the fire, until after the policy was delivered to plaintiff. White was either the agent of the defendant, or of Swinson, who was an agent of defendant, with power to issue policies. If of the company, his contract was good, made on the 3d of November, and evidenced by the policy subsequently given; if he was only the agent of Swinson, then, assuming that Swinson had the power to either ratify or withhold ratification from the contract, made by White, when it was ratified it operated from the date of the contract. There was the usual course of business between Swinson and White. The policy, in all cases, was of the date of the contract with White.

The judgment should be reversed and a new trial granted, costs to abide event.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Exception sustained and new trial granted, costs to abide event.